UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CORY WILLIAMS, on his own behalf
and all similarly situated individuals,

    Plaintiff,

v.

CASE NO.:

HBJ MASONRY, INC., a Georgia Profit
Corporation, and BERNARD JACKSON,
individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CORY WILLIAMS ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, HBJ MASONRY, INC. ("HBJ"), and BERNARD JACKSON, individually, (collectively, "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Fulton County, Georgia.

4. At all times material hereto HBJ was a Georgia Profit Corporation.

5. Further, at all times material hereto, HBJ was engaged in business in Georgia, with a principle place of business in Atlanta, Georgia.

6. At all times relevant to this action, BERNARD JACKSON was an individual resident of the State of Georgia,

7. At all times relevant to this action, BERNARD JACKSON managed and operated HBJ.

8. At all times relevant to this action, BERNARD JACKSON regularly exercised the authority hire and fire employees of HBJ.

9. At all times relevant to this action, BERNARD JACKSON determined the work schedules for the employees of HBJ.

10. At all times relevant to this action, BERNARD JACKSON controlled the finances and operations HBJ.

11. At all times relevant to this action, BERNARD JACKSON was an employer as defined by 29 U.S.C. 201 et. seq.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

13. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

14. Defendants were, and continue to be, "employers" within the meaning of

FLSA.

15. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had multiple employees who drove vehicles, used hand tools, and worked with masonry materials—all necessary for Defendants' business—that were manufactured outside the State of Georgia.

19. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

20. The additional persons who may become plaintiffs in this action are/were non-exempt laborer employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or who worked for Defendants in one or more work weeks and were not paid at least minimum wage for all hours worked.

21. At all times material hereto, the work performed by the Plaintiff was

directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. In or about October of 1999, Defendants hired Plaintiff to work as a non-exempt laborer.

23. At various material times hereto (2011-2014), Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

24. From at least October of 1999 and continuing through October of 2013, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

25. Defendants have violated Title 29 U.S.C. §206 and 207 from at least October of 1999 and continuing through October of 2013, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    ; and

    c. Defendants have failed to maintain proper time records as

4

mandated by the FLSA.

26. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff re-alleges and re-avers paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. From at least October of 1999 and continuing through October of 2013, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Rather, throughout his employment Defendants paid Plaintiff, and all employees similarly situated, "straight time" for their overtime hours.

30. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

31. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

32. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

33. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

36. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

37. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the

maximum hour and minimum wage provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this____day of March 2014.

Respectfully submitted,

_/s/ ANDREW FRISCH_
Andrew Frisch, Esq.
FL Bar No.: 27777
MORGAN & MORGAN
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com
*Trial Counsel for Plaintiffs*